UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIETTE WEDYKE,

        Plaintiff,

                                            Case Number 06-14874
v.                                           Honorable David M. Lawson
                                            Magistrate Judge Mona K. Majzoub
JOHN E. POTTER,

        Defendant.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND DISMISSING CASE

This matter is before the Court on the plaintiff's objections to a report filed by Magistrate Judge Mona K. Majzoub recommending that the defendant's motion for summary judgment be granted and the case dismissed. *Pro se* plaintiff Mariette Wedyke brought this action alleging employment discrimination against the United States Post Office under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act. The Court referred the matter to Magistrate Judge Majzoub for general case management. The magistrate judge issued her report on the defendant's motion for summary judgment on March 13, 2008, and the plaintiff filed timely objections.

The Court has reviewed the file, the report and recommendation, and the plaintiff's objections, and has made a *de novo* review of the record in light of the parties' submissions. The Court agrees with the magistrate judge's conclusion that the plaintiff has failed to bring forth evidence that she suffered an adverse employment action or that the work environment was racially hostile. Therefore, the Court will overrule the plaintiff's objections, adopt the recommendation, grant summary judgment to the defendant, and dismiss the case.

The plaintiff has been (and still is) employed by the United States Postal Service since 1986 in various capacities, including flat mail sorter. She began suffering from carpal tunnel syndrome in late 1999 and eventually was placed in a light duty unit due to her restrictions. The plaintiff alleges that between 2000 and 2002, the Postal Service discriminated against her due to her disability and her race (she is a Caucasian female) and created a racially hostile work environment. She does not claim that she suffered any loss of earnings, but she does claim that the Postal Service failed to promptly engage in a dialog in an effort to accommodate her disability, she was required to report to work and sit in a designated area with no jobs duties to perform for a year and a half, and she was treated differently than her African-American coworkers.

The magistrate judge found that the plaintiff failed to show that she suffered from a disability within the meaning of the Rehabilitation Act because her carpal tunnel syndrome did not substantially limit any major life activity; she did not show that her change in duty assignments amounted to adverse employment action; and the few incidents involving African-American coworkers about which the plaintiff complained did not establish a hostile work environment. The facts were summarized by the magistrate judge and need not be repeated here.

One point made by Judge Majzoub was that the plaintiff failed to document her arguments by record evidence, since she referred to portions of a deposition that had not been filed with the court. The plaintiff objected to the recommendation of dismissal, attaching the complete transcript of a deposition of her taken in proceedings before the Equal Employment Opportunity Commission. She also takes issue with many of the magistrate judge's conclusions and her legal analysis, contending that she has presented direct evidence of both race and disability discrimination. She claims that the Postal Service's determination that she was injured on the job (for which she was

awarded workers compensation benefits) establishes her disability. She also disputes the magistrate judge's conclusion that the employment environment was not racially hostile.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

In addition, courts generally will not consider evidence or arguments on review that were not raised before the magistrate judge:

> Petitioner did not raise this claim in his initial § 2255 motion. Rather, it was first raised in his supplemental objections to the magistrate judge's final Report and Recommendation. The magistrate thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc*., 747 F. Supp. 1299, 1302-03 (S.D. Ill. 1990). Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver.

*Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) (stating that the Magistrate Judge Act was not intended "to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court"), *rev'd on other grounds United States v. Hardesty*, 977 F.2d

1347 (9th Cir. 1992) (en banc); *Jesselson v. Outlet Assocs. of Williamsburg*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) ("A magistrate's decision should not be disturbed on the basis of arguments not presented to him.").

The new deposition pages belatedly submitted by the plaintiff never were supplied to the magistrate judge, and therefore they were not considered by her. They are not properly before the Court now. More importantly, however, it is still somewhat puzzling what it is that the plaintiff seeks here. In her objections, she acknowledges that she has always been employed by the Postal Service, despite her inability to perform her former duties, she was never removed from its employment rolls, and she has not suffered any diminution of benefits or privileges, except, perhaps, work assignments. The plaintiff states in her objections that she has met with Reginald Truss, the plant manager at the George W. Young postal facility where she works, and has worked out a position in the Anonymous Mail Unit doing light office work and customer service. Apparently, she is happy with her present circumstances and complains only about the amount of time it took to get there.

In order to prevail on any of her claims, the plaintiff must show that she experienced a "materially adverse" employment action. *Jones v. Potter*, 488 F.3d 397, 404 (6th Cir. 2007); *Ford v. Gen. Motors Co.*, 305 F.3d 545, 553 (6th Cir. 2002); *Allen v. Michigan Dep't of Corr.*, 165 F.3d 405, 410 (6th Cir. 1999). "A materially adverse employment action is 'a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Tepper v. Potter*, 505 F.3d 508, 515 (6th Cir. 2007) (quoting *Burlington Indus. v. Ellerth,* 524 U.S. 742, 761 (1998)). This definition controls in disparate treatment cases such as this one. The plaintiff has not alleged

retaliation, which would invoke a broader definition of "adverse action." *See Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 63-65 (2006).

The plaintiff has alleged that she has been given less favorable work assignments concerning shift times, and she complains about the lack of activity between October 2000 and September 2002. But she has not shown evidence of a *significant* change in working conditions. "Such a change must be more disruptive than a mere inconvenience or an alteration of job responsibilities. A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Tepper*, 505 F.3d at 515 (internal quotes and citations omitted). The plaintiff has shown none of this.

Nor has the plaintiff demonstrated that the work environment was racially hostile. The Sixth Circuit recently commented on the requisite level of proof of such a claim:

> The Supreme Court has provided a non-exhaustive list of factors to consider when deciding whether a hostile work environment exists including: "the frequency of the discriminatory conduct; its severity; *whether it is physically threatening or humiliating, or a mere offensive utterance;* and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 23 (1993) (emphasis added). Further, courts must determine whether the "workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.* at 21 (internal citations omitted).

*Grace v. USCAR*, 521 F.3d 655, 678-79 (6th Cir. 2008). The incidents described by the magistrate judge fall far short of this level of grief or intimidation.

The Court agrees with Magistrate Judge Majzoub that the plaintiff has failed to come forward with sufficient proof to sustain her claims and defeat the defendant's motion for summary judgment.

Accordingly, it is **ORDERED** that the plaintiff's objections to the magistrate judge's report and recommendation [dkt #17] are **OVERRULED**.

It is further **ORDERED** that the report and recommendation [dkt #15] is **ADOPTED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt #10] is **GRANTED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 10, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 10, 2008.

s/Felicia M. Moses
FELICIA M. MOSES